## CIRCUIT COURT OF FAIRFAX COUNTY

Lawrence G. Postler

v.

Carol M. Postler

February 23, 1989

Case No. (Chancery) 108560

By JUDGE J. HOWE BROWN

Carol M. Postler (Wife) filed a Notice and Motion requesting "entry of an Order declaring the purported 'Separation and Property Settlement Agreement' . . . null and void." No reason was stated in the Motion, and no authorities were provided by counsel. From the evidence presented at the hearing on February 10, 1989, I deduce that Wife is proceeding on a theory of duress and undue influence.

On the basis of the evidence, I find the following facts. On July 31, 1988, at about 2:30 a.m., Wife found it necessary to leave the marital home. On August 4th, she came back home and discussed property division with Lawrence G. Postler (Husband). She then went to see a lawyer. The lawyer advised her to go to Juvenile and Domestic Relations Court, which she did. Wife returned to the house and removed some items of personal property. At Husband's suggestion, Wife contacted her attorney's office to tell them that she would no longer require his services but would use Husband's attorney. She became ill and actually passed out. Husband took her to the Emergency Room and to get a prescription filled. She took the medicine and remained in great pain. Husband promised to treat her fairly. Husband and Wife went to lunch at

a restaurant, discussed a property settlement agreement, and made notes of their agreement on a piece of note paper (Complainant's Exhibit # 2), which they both signed on August 7, 1988. The next day Husband took Wife to his attorney's office. She was weak and did not feel well. Wife never consulted with the attorney, but Husband presented to her in the office a Separation and Property Settlement Agreement (Complainant's Exhibit # 1), which Wife executed without reading carefully. The written Agreement gives Husband virtually all the marital property and waives alimony. It also gives Husband custody of the children, does not require child support, and requires Husband to assume substantial debts of the parties.

Proof of duress must be shown by clear and convincing evidence. *Jacobs v. Jacobs*, 218 Va. 264, 267 (1977). The duress must have been sufficient to destroy or overcome the free will of the person threatened. The evidence here fails to prove by clear and convincing evidence that Wife's will was so overcome as to deprive her of free choice.

Undue influence must be proven by clear, cogent, and convincing evidence and must be "of such a character as to control the mind and direct the action . . ." of the victim. *Pace v. Richmond*, 231 Va. 216 (1986). The evidence in this case fails to prove by clear, cogent, and convincing evidence that Husband controlled the mind and directed the action of Wife in signing the Agreement. The law does not rescue every person who decides he or she has made a bad bargain.

The motion to declare the Agreement void is denied.